By the Chancellor.
Goodrich and Anderson have not answered, and James H. Baird relies principally upon these two points: 1. That the dissolution of the partnership of Goodrich, Lee and Co. in 1801, was not known; and, 2. That the plaintiff might have defended himself at law. As to the *947 first point, there would be much weight in the objection, if the fact were so, and the contract had been in the name of Goodrich, Lee & Co. but the fact was not so, and the contract was not in their names, but in the name of John B. Goodrich & Co. in which the plaintiff had no concern : and this too, after the dissolution in May, 1801.
As to the second point; it is not denied but that the plaintiff was misled by Anderson, and therefore did not defend himself at law: and, I confess, it is a very doubtful point, whether, on account of Anderson’s misconduct, a legal advantage obtained by Baird at law, should be taken away: and, I am inclined to think that it should not, if the plaintiff had, in any manner, contributed to mislead Baird, or to place his claim in a worse situation ; but he has not. In this case he is faultless. He comes into Court with clean hands; and if Baird and Anderson have not combined to oppress him, he has done nothing to injure either of them, as Baird has his judgment against Goodrich and Anderson, who are his proper debtors, and now occupies the same ground he did before he sued the plaintiff. This is not like the case of Chisholm against Anthony, (a) In that case Chisholm availed himself of all the delays of the law, and when he could no longer thwart Anthony, he then came here for relief, which was denied, as he applied with unclean hands; and as the real debtor might in that time have become insolvent. Nor is this like the case of Nicholson and Heth against Hancocke and Golliat; as in that case the plaintiffs were the real debtors, and might have controlled the advice which kept them from making their *defence at law, and therefore they should have done it. But, in this case, the plaintiff never was the debtor of Baird, and most clearly was deceived by Anderson, on whom the plaintiff relied to pay the debt, and therefore he expected to hear no more of it, and so went undefended. Nay, it was a circumstance which, as he relied upon it, he could not control, until it was too late: and, therefore, his case forms an exception to the general rule, and the injunction must be made perpetual as to Bee, at the costs of Goodrich and Anderson, against whom Baird may still proceed at law, unless they ■can shew cause against it at the term after they shall be served with a copy of the decree.

 ‘1 Hen. & Munf. p. 13.